IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JENNIFER ORANTES DIAZ, | * | |
| Plainitff, | * | |
| vs. | * | Case No. 19 cv 562 |
| PARK HOTEL, INC. | * | |
| Defendant. | * | |

## COMPLAINT

Plaintiff Jennifer Orantes Diaz, by her attorney Attorney A. Steven Porter, for and as her Complaint against the above-named defendant Park Hotel, Inc., alleges, states, avers and shows the Court as follows:

### JURISDICTION AND VENUE

1. This is an action to secure protection and redress deprivation of rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, [hereinafter, "Title VII"], which provides legal, declaratory, injunctive and other equitable relief to redress, *inter alia*, unlawful discrimination in employment based upon sex, including pregnancy, and in retaliation for opposition to unlawful discrimination in employment. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a(a)(1)and (b). This Court is vested with jurisdiction over plaintiff's claims brought under Title VII pursuant to § 706(f)(1) and 3 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

1

2. Venue of this action is vested in this Court under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

3. The unlawful employment practices alleged herein were committed in the City of Madison, Dane County, in the Western Judicial District of the State of Wisconsin. Defendant Park Hotel, Inc., maintains its principle place of business in Madison, Dane County, Wisconsin, in the Western District of Wisconsin.

4. All conditions precedent to the institution of this lawsuit have been fulfilled: Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unfair employment practices alleged; plaintiff received a Notice of Right to Sue letter on April 22, 2019.

**PARTIES**

5. Plaintiff Jennifer Orantes Diaz is an adult woman who resides at 228 Main Street, Apt. B, Cottage Grove, Dane County, Wisconsin 53527 in the Western District of Wisconsin.

6. Defendant Park Hotel, Inc., is a Wisconsin Corporation with principal business offices located at 22 S. Carroll Street, Madison, Dane County, Wisconsin 53703. Defendant's registered agent for service of process is Maureen A. Mullins, 401 N. Carroll Street, Madison, Wisconsin 53703-1803.

7. At all times pertinent and material to this Complaint, plaintiff was employed at defendant Park Hotel, Inc. located at 22 S. Carroll Street, Madison Wisconsin 53703, in the Western District of Wisconsin. The unlawful employment actions complained of in this Complaint occurred in Madison, Dane County, in the Western District of Wisconsin.

8. Defendant is engaged in an industry affecting commerce and employs more than fifteen (15) employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, in the meaning of § 701(b), (g) and (h) of Title VII.

**ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION**

9. Plaintiff Jennifer Orantes Diaz was employed with defendant Park Hotel, Inc., ("the Park"), from June 30, 2007, until May 5, 2017. The Park hired Ms. Orantes Diaz as a Room Attendant, promoted her to Laundry Supervisor and, on August 24, 2008, promoted her to Room Inspector. Effective May 5, 2017, Ms. Orantes Diaz quit her employment with the Park voluntarily to pursue an opportunity elsewhere. On September 12, 2017, the Park rehired Ms. Orantes Diaz as a Room Inspector. Her duties involved cleaning guest rooms at the hotel and inspecting and supervising the work of other employees who cleaned rooms. Ms. Orantes Diaz was responsible for inspecting the cleanliness and appearance of guest accommodations and public spaces to ensure that all housekeeping personnel performed their work in accordance with Hotel expectations.

10. During her employment with the Park Ms. Orantes Diaz performed her duties up to employer's reasonable expectations and beyond. Her annual performance ratings were always above satisfactory in all performance categories, and, with rare exceptions, she was rated with the highest score possible in all performance categories.

11. In or about the end of September, 2017, Ms. Orantes Diaz informed her supervisor, Stephanie Braxton, that she was pregnant. Several other room inspectors working for the Park also soon came to learn of Ms. Orantes Diaz' pregnancy.

12. The Park laid Ms. Orantes Diaz off on December 13, 2017, as part of a seasonal layoff. However, the Park had never laid her off previously as part of the seasonal layoff. The Park did not normally lay off room inspectors, like her, during the seasonal layoff.

13. During the slow season, the Park typically moved Ms. Orantes Diaz to supervise the "deep cleaning" project. This project took place from December, 2017, through March, 2018. However, this year Ms. Orantes Diaz' supervisor, Stephanie Braxton, informed Ms. Orantes Diaz that she would not be allowed to work in deep cleaning because she was pregnant. Ms. Orantes Diaz told Ms. Braxton that she was perfectly capable of performing the essential functions of the supervisor job in the deep cleaning project despite being pregnant.

14. The Park laid off three other employees during the winter layoff. The Park later brought back each of those employees to work after the slow season. The Park brought Lavonte James (male) back to the housekeeping department; Tiana Whitaker (female) back to the Laundry department; and, Orlando (last name unknown) (male), who had worked in the kitchen, was brought back to a job the housekeeping department.

15. The Park did not bring Ms. Orantes Diaz back to work after the slow season. Ms. Orantes Diaz was the only one of the employees who had been laid off who was not called back. She was the only one of the laid-off employees who was pregnant.

16. In addition, the Park had hired new employees after the seasonal layoff to work in the department where Ms. Orantes Diaz worked.

17. Ms. Orantes Diaz contacted the Park's General Manager George Weisner a number of times by telephone seeking to return to work. Mr. Weisner had been the manager who laid Ms. Orantes Diaz off. Mr. Weisner did not call Ms. Orantes Diaz back to work. He gave

4

vague excuses for not calling her back, such as lack of open positions, but he did not tell her she would not be called back to work at some point.

18. On June 5, 2018, after numerous contacts Mr. Wiesner about being recalled to work, Ms. Orantes Diaz asked the Park for a copy of her personnel file. She wanted to see if there was something in the file that indicated why the Park was not recalling her to work.

19. On Monday, June 18, 2018, Ms. Orantes Diaz telephoned Mr. Weisner about returning to work. Mr. Weisner told Ms. Orantes Diaz that she had caught him at the Minneapolis airport, but he would check "to see what he had for her" when he returned to the Park that Friday. He told Ms. Orantes Diaz to call him the following Monday.

20. On Monday, June 25, 2018, Ms. Orantes Diaz contacted General Manager Weisner as he had directed her to do in the previous phone conversation. Ms. Orantes Diaz asked whether Mr. Weisner had had a chance to check about positions for her. Mr. Weisner replied, "So I have to ask, why do you want to work here? There are a lot of other jobs in town. And you could go back to AC [AC Marriott Hotel in Madison], couldn't you?"

21. Ms. Orantes Diaz responded that she had "a lot of years working with you guys" and that she felt "very comfortable" working at the Park, that she knew her job. Then, she told Mr. Weisner that when she came back to work at the Park the previous September she never expected to be laid off two months later. She acknowledged that she wasn't the only one the Park had laid off, but she was the only one whom the Park had not called back to work. Then, she said that she was the only one laid off and not called back that had been pregnant, and, she wondered if the Park had laid her off and not called her back because she was pregnant.

22. Mr. Wiesner became very upset and defensive. He responded, "No, no, well that's a terrible thing to say to me." He asked why Ms. Orantes would ever accuse him of that.

5

Ms. Orantes Diaz listed all of the other employees whom the Park and laid off and called back to work. She mentioned that the Park had even hired new employees in her department. Mr. Weisner made several excuses and then concluded in a blunt tone, "But at this point I don't have a position for you."

**23.**   Mr. Weisner's comment questioning why Ms. Orantes Diaz did not seek work elsewhere and the tone in Mr. Weisner's voice when he told her that the Park had no positions for her, made it clear that the Park did not intend to ever call Ms. Orantes Diaz back to work.

**24.**   In fact, thereafter, the Park never did contact Ms. Orantes Diaz about coming back to work or recall her back to work. The Park effectively communicated to Ms. Orantes Diaz on June 25, 2018, that it had terminated her employment with the Park.

## PLAINTIFF'S FIRST CAUSE OF ACTION
## SEX DISCRIMINATION

25.   Plaintiff realleges and incorporate by reference herein Paragraphs 1 through twenty-four (24), above.

26.   Defendant's actions alleged herein, including, but not limited to, laying plaintiff off, failing and refusing to recall her to work and terminating her employment were undertaken because of plaintiff's sex and, specifically, because she had been pregnant. Such actions are unlawful employment practices proscribed by § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and thus, defendant is liable to plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

27.   As a direct, foreseeable, and proximate result of defendant's unlawful actions complained of herein, plaintiff suffered injury and damages in the form of lost wages, lost

employment benefits, future vocational loss, damage to her reputation, and emotional distress. These damages and injuries continue into the present and will continue into the foreseeable future.

**28.** The unlawful actions taken by defendants as alleged herein, were taken in malicious, willful, wanton and reckless disregard of plaintiff's rights as guaranteed by the Title VII.

## PLAINTIFF'S SECOND CAUSE OF ACTION

## RETALIATION

29. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through twenty-eight (28), above.

30. Defendant's actions alleged herein, including, defendant's blunt and final refusal to recall her to work and effectively terminating her employment were undertaken in retaliation for plaintiff's complaint of sex discrimination based upon her pregnancy to the Park's General Manager, and, her opposition to actions she reasonably believed to be sex discrimination based upon her pregnancy constitute retaliation prohibited by Title VII.  Such retaliation is an unlawful employment practice proscribed by § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and, thus, defendant is liable to plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

31. As a direct, foreseeable, and proximate result of defendant's unlawful actions complained of herein, plaintiff suffered injury and damages in the form of lost wages, lost employment benefits, future vocational loss, damage to her reputation, and emotional distress.

These damages and injuries continue into the present and will continue into the foreseeable future.

**32.**   The unlawful actions taken by defendant as alleged herein were taken in malicious, willful, wanton and reckless disregard of plaintiff's rights as guaranteed by the Title VII.

## PLAINTIFF'S THIRD CAUSE OF ACTION

## DECLARATORY JUDGEMENT

33.   Plaintiff reallege and incorporates as if fully set forth herein the allegations contained in paragraphs one (1) through thirty-two (32), above.

34.   The allegation contained in plaintiff's Complaint present an actual controversy between the parties in the meaning of 28 U.S.C. § 2201.

35.   Plaintiff does not have plain and adequate remedies at law for her injuries as alleged in this Complaint or to prevent future injuries of a similar nature by the same or other similarly situated defendants, and, therefore, she invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 to award declaratory relief.

36.   Defendant's actions alleged herein including laying her off, refusing and failing to recall her from layoff and terminating her from her employment were undertaken because of her sex and her pregnancy and in retaliation for plaintiff's opposition to actions she reasonably believed to be sex discrimination based upon her pregnancy constitute retaliation prohibited by Title VII.  Such actions based upon sex and retaliation are unlawful employment practices proscribed by §§ 703(a) and 704(a) of Title VII,  42 U.S.C. §§ 2000e-2(a) and 2000e-3(a),  and,

thus, defendants are liable to plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Jennifer Orantes Diaz respectfully prays this Court enter judgement for her on her Complaint against defendant Park Hotel, Inc., and Order the following relief:

A.	Declare and adjudge pursuant to 28 U.S.C. § 2201 and § 706, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5, that by way of the adverse employment actions complained of herein, defendant deprived plaintiff of her right to be free from sex discrimination based upon pregnancy and retaliation for opposing discrimination in employment in violation of §§ 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

B.	Order defendant to pay to plaintiff an amount sufficient to compensate her for her lost wages, lost employment benefits and pay increases proximately caused by defendant's violation of plaintiff's rights, plus interest at an appropriate rate.

C.	Order defendant to pay to plaintiff an amount sufficient to compensate her for her lost future earnings and lost earning capacity proximately caused by defendant's violation of plaintiff's rights.

D.	Order defendant to pay to plaintiff an amount sufficient to compensate her for her past and future emotional distress, pain and suffering, humiliation and loss of personal and professional reputation proximately caused by defendant's violation of plaintiff's rights.

E.   Order defendant to pay to plaintiff an amount sufficient to punish defendant and to deter defendant and others similarly situated and inclined from such willful, wanton and reckless disregard of rights.

F.   Order defendant to reimburse plaintiff for her costs, disbursements and attorney's fees reasonably incurred in this action.

G.   Order that defendant reinstate plaintiff to her employment in her appropriate rank, classification and rate of pay.

H.   Order such other and further relief as the Court deems just and reasonable under the circumstances.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY OF SIX QUALIFIED PERSONS.**

Dated at Madison, Wisconsin, this 10th day of July, 2019.

                                                   /s/ A. Steven Porter
                                                   Attorney A. Steven Porter
                                                   State Bar No. 01000195
                                                   Attorney for Plaintiff
                                                   Jennifer Orantes Diaz

P.O. Box 7093
Madison, Wisconsin 53707
(608) 262-2285
(608) 819-6466 (fax)
asp5949@gmail.com